UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SANDRA FERNANDEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:06-CV-156-PRC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 22], filed by Barry A. Schultz, counsel for Plaintiff Sandra Fernandez, on November 5, 2007. On December 11, 2007, the Commissioner filed a response in opposition to Plaintiff's fee request. On December 13, 2007, Plaintiff's counsel filed a reply. For the following reasons, the Court grants the Motion.

**BACKGROUND**

On May 5, 2000, Plaintiff filed an application for Social Security Income ("SSI"), alleging disability since February 2000, due to ulcerative colitis, depression, and the after-effects of a broken ankle. Plaintiff's application was denied initially on September 11, 2000, and also upon reconsideration on January 2, 2001. On January 15, 2001, Plaintiff filed a timely request for a hearing, which was held on March 14, 2002, before Administrative Law Judge Helen G. Cropper ("the ALJ"). Plaintiff and a vocational expert ("the VE") testified. In a decision dated April 26, 2002, the ALJ denied Plaintiff's application for SSI, finding that Plaintiff had the residual functional capacity ("RFC") to perform her past work or, in the alternative, to perform other jobs which exist in significant numbers in the national or regional economy.

Plaintiff filed a timely request for review with the Social Security Administration Appeals Council.  The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ with instructions to obtain additional evidence concerning Plaintiff's mental impairments, to further evaluate Plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. § 416.920a, to document the application of the special technique in her decision with specific findings and appropriate rationale for each of the functional areas in 20 C.F.R. § 416.920a(c), to give further consideration to Plaintiff's maximum RFC, and if warranted, to obtain supplemental evidence from the VE to clarify the effect of the assessed limitations on Plaintiff's occupational base.  The ALJ held the supplemental hearing on July 9, 2003.

In a decision dated February 24, 2004, the ALJ again denied Plaintiff's application for SSI, finding that Plaintiff had the RFC to perform her past work or, in the alternative, to perform other jobs that exist in significant numbers in the national or regional economy.  The Appeals Council denied Plaintiff's request for review, making the ALJ's February 24, 2004, decision the final decision of the Commissioner.

On April 24, 2006, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision.  On August 28, 2006, Plaintiff filed an opening brief, submitting the following three arguments in favor of reversal or remand: (1) the ALJ failed to properly apply the special technique as required by 20 C.F.R. § 416.920a; (2) the ALJ failed to appropriately consider Plaintiff's physicians' opinions; and (3) the ALJ failed to properly question the VE under the requirements of SSR 00-4p.  On September 10, 2007, the Court issued an Opinion and Order remanding this matter for further consideration. The Court granted remand on two issues: the ALJ's failure to properly apply the "special technique" in her analysis of Plaintiff's mental limitations,

which is set forth in 20 C.F.R. § 416.920a; and the ALJ's examination of the VE, which the Court found did not comply with SSR 00-4p.

On November 5, 2007, Plaintiff's counsel filed the Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").  The Motion is now fully briefed and before the Court.

**ANALYSIS**

In the Motion for Attorney's Fees, Plaintiff's counsel requests an award of fees at an hourly rate of $163.75 for attorney work performed in 2006 and 2007, under the EAJA, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) and the Consumer Price Index.[1] Plaintiff's attorney also requests an hourly rate of $85.00 for work performed by a legal assistant. Finally, Plaintiff's attorney requests compensation for the time spent preparing the instant Motion for Attorney's Fees.

In his opening Motion, counsel for Plaintiff requests attorney's fees in the amount of $9,101.62, which represents 54.7 attorney hours worked in 2006 and 2007 at the rate of $163.75 per hour (totaling $8,957.12); and 1.5 legal assistant hours at the rate of $85.00 per hour (totaling $127.50).  In his reply brief, Plaintiff's attorney requests an adjusted total amount of attorney's fees of $9,510.99, to include 2.5 attorney hours at the rate of $163.75 per hour for time spent preparing the reply brief.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make the award unjust."

---

[1] Based on the time sheet submitted along with Plaintiff's Motion, it appears that two attorneys performed work on behalf of Plaintiff in this case.  However, only a single attorney, Barry A. Schultz, entered his appearance in this matter on Plaintiff's behalf.  The second attorney is not identified by name in the briefing.  Thus, in this Opinion and Order, the Court refers to Plaintiff's counsel as a single attorney.

3

28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).  Pursuant to 42 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified."  28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that Plaintiff is the prevailing party and that she and her attorney filed the Motion for Fees in a timely manner.  There are now two issues before this Court: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Plaintiff's attorney are reasonable.  The Court will address the issues separately.

### A.  Substantially justified

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct.  28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3)

4

a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69. The Commissioner bears the burden of proof in showing that he had a substantially justified litigation position. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

5

As a starting point in its analysis, the Court summarizes its September 10, 2007, order. In the order, the Court remanded this matter for further administrative proceedings with regard to the ALJ's analysis of Plaintiff's mental limitations under 20 C.F.R. § 416.920a; and the ALJ's questioning of the VE, as controlled by SSR 00-4p. Plaintiff's attorney argues that the Commissioner's position was not substantially justified because he supported the flaws in the ALJ's decision, which the Court found justified remand. Plaintiff's attorney contends that by failing to analyze Plaintiff's mental limitations as required by 20 C.F.R. § 416.920a, and failing to properly question the VE in accordance with SSR 00-4p and Seventh Circuit case law, the ALJ committed errors that contravene established precedent. Thus, Plaintiff's attorney contends that the Commissioner's support of the ALJ's positions cannot be substantially justified. In response, the Commissioner argues that his position was substantially justified and argues that the Court must examine his position as a whole. The Commissioner argues that he had rational grounds for taking the positions he did on the issues that were remanded.

1. *Mental impairment "special technique" analysis*

With regard to the ALJ's analysis of Plaintiff's mental impairments, Plaintiff's attorney contends that the Commissioner's position is contrary to the requirements of 20 C.F.R. § 416.920a. As to mental limitations presented by a claimant, the Regulation requires the ALJ to use the "special technique" and follow a detailed and specific analysis, which includes a requirement to "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record [the] findings as set out in paragraph (e) of this section." 20 C.F.R. § 416.920a(b)(2). Remanding this matter, the Court found that the ALJ failed to comply with the specific requirements of paragraphs (c) and (e) in evaluating Plaintiff's limitations in four

6

categories: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.

The ALJ did not make specific findings under all four categories listed in the Regulation; however, she did expressly consider several of the categories. The ALJ found that Plaintiff had "relatively normal" activities of daily living, that she was not significantly limited in her ability to interact with others, and that she had no episodes of decompensation. R. at 33, 44. Further, the ALJ stated in her decision that Plaintiff's symptoms would not distract her to the point that she would be off-task and non-productive in the workplace, which addresses the concentration, persistence, or pace category. *See* R. at 44. The Court found that based on prior Circuit precedent, the issue was proper for remand due to the ALJ's failure to include a specific finding for each of the four functional areas. *See Keys v. Barnhart*, 430 F. Supp. 2d 759, 772 (ND. Ill. 2006).

As noted above, the standard in considering whether to remand a Social Security decision is different than the standard applied to a request for EAJA fees. The Court finds that the Commissioner's position on this issue falls between those two standards and while it was proper for remand, it does not support an award of EAJA fees. A reasonable person could have been satisfied with the ALJ's analysis of Plaintiff's mental limitations. While not explicitly using the rating scales provided by 20 C.F.R. § 416.920a, the ALJ did consider Plaintiff's mental limitations in some detail. And although her level of analysis was not supported by substantial evidence, it is substantially justified.

2.   *VE questioning*

With regard to the second issue that the Court found proper for remand, Plaintiff's attorney contends that the Commissioner's position was directly opposed to SSR 00-4p and the Seventh

7

Circuit decision of *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006). SSR 00-4p provides that an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the [DOT] . . ." SSR 00-4p.

Considering the level of error that must be committed by the Commissioner in pursuing a certain position to justify an adverse award of attorney's fees, the Seventh Circuit has opined, "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1038). The Seventh Circuit issued the *Prochaska* decision on July 24, 2006, three months after Plaintiff filed her Complaint with this Court, and less than three months before the Commissioner filed his response brief, which was his only substantive filing opposing remand. Thus, while *Prochaska* was not available for the ALJ's consideration prior to Plaintiff's hearing, it was available for the Commissioner to review prior to staking out his legal positions before this Court. Support for the Commissioner's position, not the ALJ's, is the relevant consideration here.

The language of *Prochaska* places a clear burden on the ALJ to determine whether the VE's testimony is consistent with the DOT. *See* 454 F.3d at 735. Interpreting SSR 00-4p, the *Prochaska* decision states that the ALJ has an affirmative duty to determine whether the VE's testimony is consistent with the DOT. *See id*. Finding that the ALJ in *Prochaska* failed to do so, the court remanded the case based solely on that issue. *See id*. Further, in *Morton v. Barnhart*, the United States District Court for the Southern District of Indiana awarded EAJA fees to plaintiff's counsel, finding that the Commissioner's support of the ALJ's failure to question the VE as to whether his testimony was consistent with the DOT was "a straightforward failure to comply with the specific requirements of SSR 00-4p," and that "the Commissioner's position, both before and during

8

litigation, has not been substantially justified." No. 1:03CV0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) (citing *Golembiewski*, 382 F.3d at 724).

In the instant case, the ALJ presided over a hearing at which the VE and Plaintiff testified. VE testimony often concerns the ultimate issue of whether a claimant can return to work, and if so, what jobs the claimant is capable of performing. Here, the VE testified that Plaintiff was capable of performing work; however the ALJ never questioned the VE as to whether her testimony was consistent with the DOT. The DOT is "a standard reference work that is often consulted to determine whether a person with the claimant's [RFC] can perform work available in the national economy." *Morton*, 2005 WL 1528242, at *2. Had the ALJ questioned the VE as to consistency with the DOT, and the VE responded that her testimony was inconsistent with the DOT, the ALJ would then have had the burden to resolve the inconsistency. It would have been within the ALJ's discretion to resolve the inconsistency by adopting either the DOT view or the VE's testimony. *See Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) (citing *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 391-92 (7th Cir. 1992) ("Even if [the VE's] testimony were considered to contradict the description of sedentary work in the Dictionary of Occupational titles . . . a hearing officer is entitled to rely on expert testimony that contradicts such authorities")). But here the ALJ never reached that issue.

Based on a reading of the ALJ's decision, the VE's testimony formed much of the support for the ALJ's conclusion that Plaintiff was able to return to work. Whether that testimony was consistent with the DOT was thus a significant issue in this matter but it was never addressed by the ALJ. Instead, the ALJ issued a decision finding that Plaintiff could return to work without considering whether the VE provided testimony in line with the established guidance contained in

9

the DOT. This failure is contrary to both SSR 00-4p and established, mounting Seventh Circuit precedent. *See Prochaska*, 454 F.3d at 735. As such, the Court finds that the Commissioner's position supporting the ALJ's decision, and specifically her questioning of the VE, is without substantial support and that Plaintiff's counsel is entitled to reasonable fees.

### B. Fees

The Court's September 10, 2007, Opinion and Order reversing the Commissioner's decision and remanding this matter for further proceedings renders Plaintiff a prevailing party for EAJA fee purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Raines v. Shalala*, 44 F.3d 1355, 1362 (7th Cir. 1995). Plaintiff's attorney now has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). In *Hensley*, the Supreme Court explained, "'Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority.'" 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*.

Here, Plaintiff's attorney requests $9,510.99 in fees resulting from 57.2 hours of attorney work and 1.5 hours of legal assistant work, which he argues was a reasonable amount of time spent working on this case. The Commissioner disagrees, and argues that the fees are excessive. The Commissioner does not protest the hourly rate sought for attorney work time but does object to the overall fee requested. The Commissioner considers this to be a routine case, presenting issues that

10

are controlled by well-established criteria and law, and as such argues that it does not justify the fee award sought by Plaintiff's attorney. Further, the Commissioner states that in the event the Court does award attorney fees, the Commissioner does not object to the Court ordering that the award be made payable directly to Plaintiff's counsel as assignee of Plaintiff.

In support of his unreasonable fee request argument, the Commissioner relies on *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002). In *Palmer*, a case that involved the same plaintiff's counsel who has appeared in this case, and involved the additional step of an appeal before the Seventh Circuit, the court awarded $17,672.10 in EAJA fees to the plaintiff's attorney. Of that amount, the court awarded fees for 48.2 hours of litigation work before the district court. The court found that 48.2 hours did not appear to be excessive when compared with fees awarded in other cases in this Circuit. *See id.* In addition, the court held that *Palmer* was not an ordinary disability case because it presented a tax law issue and a voluminous administrative record. *See id.*

Here, the Commissioner argues that the instant case does not present any extraordinary issues, and as a result, an award of fees for more time than was awarded in *Palmer* is not appropriate. However, the Court reads the *Palmer* decision differently and finds that the district court awarded fees for 48.2 hours of district court work because that award was in line with Circuit precedent. The court then went on to state that the case presented some issues atypical of social security litigation, a factor that further supported the court's fee award. The fact that the instant case does not present such irregular issues does not preclude an award for a similar number of hours.

Plaintiff cites numerous cases in which courts within this Circuit have awarded EAJA fees comparable to the amount requested here. *See e.g. Seamon v. Barnhart*, No. 05-C-0013-C, 2006 WL 517631 (W.D. Wis. Feb. 23, 2006) (case presented three issues for review to the district court, was

11

remanded on two of the issues, and the court awarded reduced EAJA award of $12,191.52); *Bailey v. Barnhart*, 473 F. Supp. 2d 842 (N.D. Ill. 2006) (court remanded matter on four separate issues, all leading to the conclusion that the ALJ did not sufficiently explain the reasoning behind her decision, and on the claimant's attorney's request for EAJA fees, awarded $11,493.88).  The examples cited by Plaintiff did not include appeals to the circuit court and did not present any extraordinary issues that required a great amount of additional work.  Rather, like the instant case, the cases were presented to the district court for review, the district court remanded the case on at least one issue, and the court awarded EAJA attorney's fees to the claimant's counsel.

The Court agrees with the Commissioner that this case did not present complex or unusual arguments for district court review.  The three issues presented by Plaintiff for this Court's review are regularly seen in social security litigation.  However, that is not to say that this matter did not require skilled and well thought out work to achieve the ultimate favorable outcome to Plaintiff.  Advocating his client's case, Plaintiff's attorney filed a twenty-two page opening brief and a twelve page reply brief.  And while the legal issues presented may be familiar to Plaintiff's counsel, who is an experienced practitioner in the area of social security litigation, counsel was still required to apply that familiar law to the specific facts presented in this case.

Notably the Commissioner does not contend that any specific itemized time sheet entries submitted in support of Plaintiff's Motion for EAJA fees were unnecessary or repetitive.  Rather, the Commissioner submits a general argument that Plaintiff's attorney billed for too much work.  According to the itemized time sheet submitted by Plaintiff's attorney, counsel spent 25.2 hours drafting the opening brief, and 16.6 hours drafting the reply brief.  The Court does not find this

12

amount of time to be per se excessive.  Further, none of the time entries are duplicative or reveal that Plaintiff's counsel engaged in unnecessary work.

The Court did find a billing date that is difficult to reconcile.  The initial time sheet entry for 4.3 hours of attorney work, time spent reviewing Plaintiff's case, is dated April 18, 2006.  The next entry for 0.6 hours of attorney work, time spent drafting a complaint and summons and filing an appearance and civil cover sheet is dated April 17, 2006.  It is illogical that Plaintiff's counsel would have filed a complaint before reviewing Plaintiff's case.  However, the Commissioner did not challenge these billing dates or the hours billed in the two time entries.  The dates may well have resulted from oversight or scrivener's error.  In any case, the Court finds that the substantive work billed in the two entries was necessary and that there is not adequate cause to subtract fees for the time spent on this work.

The Court finds that Plaintiff's attorney has met his burden to demonstrate that the requested EAJA fees are reasonable.  Counsel has done this through an itemized time sheet describing work done in this case, and by demonstrating that his request is in line with fees awarded to prevailing social security plaintiff's attorneys in this Circuit.  Finally, the Court declines to follow the Commissioner's suggestion that the EAJA fees be made payable to Plaintiff's attorney as assignee of Plaintiff.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 22].  The Court awards Plaintiff's attorney a total of $9,510.99 in EAJA fees.  The Court further **ORDERS** that the payment

in the amount of $9,510.99 be made directly to Plaintiff's attorney, Barry A. Schultz, in accordance with the Retainer and Fee Agreement for Federal Court Representation signed by Plaintiff.

SO ORDERED this 24th day of January, 2008.

s/ Paul R. Cherry<br>MAGISTRATE JUDGE PAUL R. CHERRY<br>UNITED STATES DISTRICT COURT

cc:     All counsel of record.